1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM SCOLLARD, | ) Case No.:2:21-cv-06145-RSWL-PVCx |
| | ) |
| | ) **ORDER RE: AMENDED** |
| Plaintiff, | ) **STIPULATED PROTECTIVE** |
| | ) **ORDER** |
| vs. | ) |
| | ) |
| | ) |
| STATE FARM GENERAL | ) |
| INSURANCE COMPANY, an Illinois | ) |
| Corporation; Does 1 through 50 | ) |
| inclusive, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

/// 

/// 

/// 

/// 

/// 

1

GOOD CAUSE appearing, the Court orders that the terms of the Amended Stipulation Protective Order Re: Non-disclosure of Confidential Materials shall govern the handling of such documents produced in this case, and it is therefore:

**ORDERED:**

1.    All production and disclosure of "Confidential Information and/or Trade Secret Information," as defined in Paragraph 2 below, during this litigation shall be governed by this Order.  All materials provided by the Parties pursuant to this Stipulated Protective Order that are designated Confidential Information and/or Trade Secret Information shall be used solely and exclusively for the preparation for and conduct of this litigation, and shall not, unless directed by an appropriate Court, be made available, disclosed, or disseminated in any manner for any business or other purpose whatsoever. Individuals authorized to review Confidential Information and/or Trade Secret Information pursuant to this Protective Order shall hold Confidential Information and/or Trade Secret Information in confidence and shall not divulge the Confidential Information and/or Trade Secret Information, either verbally or in writing, to any person or entity not otherwise authorized to receive the information under this Order unless authorized to do so by Court order.

2    "Confidential Information and/or Trade Secret Information" means any information that is designated as confidential and/or trade secret by the supplying party (the "Designating Party"), including but not limited to printed documents, computer disks or other electronic media, information contained in documents or electronic media, testimony and exhibits introduced in hearings or at trial, information revealed during depositions, and information revealed in interrogatory answers.

3.    All Confidential Information and/or Trade Secret Information shall be clearly and prominently marked on every single-page document, on at least the initial page or cover of a multi- page document (including deposition transcripts),

and in a prominent location on the exterior of any tangible object, by overlaying language substantially similar to "PRODUCED SUBJECT TO A CONFIDENTIALITY AGREEMENT/PROTECTIVE ORDER IN SCOLLARD V. STATE FARM, ET AL." on the text of the Confidential Information and/or Trade Secret Information and/or as a footer to the document.

4.      Any party objecting to the designation of any information as Confidential Information and/or Trade Secret Information following receipt of information so designated and produced after this Stipulated Protective Order is signed and entered by the Court, shall comply with Local Rule 37 and Judge Castillo's procedures for hearing discovery disputes.  The Court will not hear discovery disputes absent strict compliance with Judge Castillo's procedures and Local Rule 37, including but not limited to, the pre-filing conference of counsel requirements.  The burden of persuasion in any such challenge proceeding will be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to Sanctions.  Unless the Designating Party has waived or withdrawn the confidentially designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

5.      The terms of this Protective Order may be modified only by further order of the Court.  Amendments to the Protective Order should be requested by stipulation with an accompanying proposed order.

6.      Subject to the provisions of Paragraphs 7, 8, 9 and 10 below, Confidential Information and/or Trade Secret Information may be disclosed only for purposes of the *Scollard v. State Farm, et al.,* United States District Court, Central District, Case No. 2:21-cv-06145 litigation and only to the following persons:

a.     The parties and attorneys for parties in this litigation who have executed this Stipulated Protective Order or are otherwise subject to this Stipulated Protective Order by virtue of having signed Exhibit 1 hereto, and law clerks, paralegals, office clerks, and secretaries working under their supervision. "Attorneys," for purposes of this subparagraph, shall mean outside retained counsel and shall not include in-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such in-house counsel;

b.     Court personnel and/or court reporters who are actively engaged in connection with the preparation for and trial of this litigation;

c.     Expert witnesses retained by such Attorneys, as defined above, for consultation or for testimony in this litigation; and

d.     Any witness who has prior knowledge of the Confidential Information and/or Trade Secret Information, which prior knowledge must include having previously seen the document(s) containing the Confidential Information and/or Trade Secret Information, and so designated, but only to the extent of that person's prior knowledge of the Confidential Information and/or Trade Secret Information.

7.     If, after execution of this Stipulated Protective Order, any Confidential Information and/or Trade Secret Information submitted by the Designating Party under the terms of this Stipulated Protective Order is disclosed by a non-

1    designating party to any person other than in the manner authorized by this
2    Stipulated Protective Order, the disclosing party shall immediately (a) notify in
3    writing the Designating Party of the unauthorized disclosures, (b) use its best
4    efforts to retrieve all unauthorized copies of the Confidential Information and/or
5    Trade Secret Information, (c) inform the person or persons to whom unauthorized
6    disclosures were made of all the terms of this Order, and (d) request such person or
7    persons to execute the "Nondisclosure Agreement" that is attached hereto as
8    Exhibit 1.
9          8.    Prior to the disclosure of any Confidential Information and/or Trade
10   Secret Information to any person covered by Paragraph 6 c. and d. above, except in
11   the setting of a deposition, counsel for the party that has received such Confidential
12   Information and/or Trade Secret Information shall first provide such person with a
13   copy of this Order, shall explain its terms to such person, and shall require such
14   person to execute the agreement attached as Exhibit 1 to this Order. Counsel for the
15   party that has made Confidential Information and/or Trade Secret Information
16   available to persons covered by Paragraph 6 c. and d. above is required to send a
17   copy of the executed Exhibit 1 to counsel for the Designating Party within thirteen
18   (13) days of such third person's receipt of Confidential Information and/or Trade
19   Secret Information. It shall be the obligation of counsel, upon learning of any
20   breach or threatened breach of this Stipulated Protective Order by any such expert
21   or expert consultant, to promptly notify counsel for the Designating Party of such
22   breach or threatened breach.
23         9.    The disclosure of any Confidential Information and/or Trade Secret
24   Information in the deposition of any witness may only be made in accordance with
25   the following:
26              a.    Prior to the use of any Confidential Information and/or Trade
27                    Secret Information in the deposition of any witness, pursuant to
28                    Paragraph 6 d. above, counsel for the party that has received

Case No.  2:21-cv-06145                                           ORDER

such Confidential Information and/or Trade Secret Information shall first establish a foundation for the witness's prior knowledge of the Confidential Information and/or Trade Secret Information, which must include having previously seen the document(s) containing the Confidential Information and/or Trade Secret Information, and so designated. If such a foundation cannot be established, then counsel may not show to the witness the document(s) containing the Confidential Information and/or Trade Secret Information, and so designated, and may not otherwise disclose the contents of such document(s) to the witness.

b.    Prior to the use of any Confidential Information and/or Trade Secret Information in the deposition of any witness pursuant to Paragraphs 6 c. and d., subject to Paragraph 9a, counsel for the party that has received such Confidential Information and/or Trade Secret Information shall first provide each person in attendance at the deposition, with the exception of court reporter(s), the Designating Party and its attorneys, with a copy of this Order, and shall require such persons to execute the agreement attached as Exhibit 1 to this Order. If any document(s) designated as Confidential Information and/or Trade Secret Information is marked as a deposition exhibit and if testimony concerning Confidential Information and/or Trade Secret Information is elicited at a deposition, counsel for the Designating Party may designate a portion of the transcript to be treated as Confidential Information and/or Trade Secret Information. Such a request shall be made by counsel in a reasonable manner or by making a suitable designation in the

record at the deposition. If such a request is made, such portion of the transcript, and any related deposition exhibits, shall be so treated and may only be filed under seal, if it is filed in the record.

10.     If any documents designated as Confidential Information and/or Trade Secret Information is marked as a deposition exhibit and if testimony concerning Confidential Information and/or Trade Secret Information is elicited at a deposition, counsel for the Designating Party may designate a portion of the transcript to be treated as Confidential Information and/or Trade Secret Information. Such a request shall be made by counsel in a reasonable manner or by making a suitable designation in the record at the deposition. If such a request is made, such portion of the transcript, and any deposition exhibits, shall be so treated and may only be filed under seal, if it is filed in the record, in compliance with Local Rule 79-5.

11.     If any document(s) designated as Confidential Information and/or Trade Secret Information is marked as an exhibit to the deposition of a witness as described in Paragraphs 6 d. and 9, above, the original transcript shall only be made available to the witness for reading, correcting, and signing at either the office(s) of the court reporter who transcribed the deposition or at the office(s) of any attorney who is a signatory to this Stipulated Protective Order.

12.     If any document(s) designated as containing Confidential Information and/or Trade Secret Information is marked as a deposition exhibit pursuant to Paragraphs 6 d. and 9, above, and/or if any portion of the transcript is designated by counsel for the Designating Party to be treated as Confidential Information and/or Trade Secret Information, copies of the confidential portions of the deposition transcript may be disseminated to counsel for parties to this litigation only if said counsel has been provided a copy of this Order and has executed the agreement attached as Exhibit 1 to this Order. Counsel for parties may not

disseminate to their respective clients copies of any portions of deposition transcript(s), including exhibits, which have been designated as Confidential Information and/or Trade Secret Information.

13.   Any document(s) designated as Confidential Information and/or Trade Secret Information may be filed in the Court's record in connection with a motion, or otherwise, only under seal. Documents designated as Confidential Information and/or Trade Secret Information shall be filed under seal in the Court's record only if an appropriate order is first entered in accordance with Local Rule 79-5.

14.   All notes, thoughts, impressions and conclusions arising from the viewing of the documents designated as Confidential Information and/or Trade Secret Information, shall not be disseminated or communicated in any manner to any person who is not subject to this Order, even where said parties' attorney(s) may be subject to this Order.

15.   The provisions of this Order with respect to Confidential Information and/or Trade Secret Information shall not apply to information which (a) was, is, or becomes public knowledge, through no violation of this Order; (b) is acquired in good faith from a third party not subject to this Order, such third party being lawfully in possession of such information and able to release it; (c) was possessed prior to receipt of the material asserted to be confidential from a source able to provide it without a breach of confidence; or ( d) was or is discovered independently by the receiving party by means that do not constitute a violation of this Order.

16.   This Order shall bind all persons and parties to this litigation, who are subject to this Order, until all documents, electronic media, or other tangible materials containing Confidential Information and/or Trade Secret Information have been returned to the Producing Party, or all persons who have received Confidential Information and/or Trade Secret Information have certified the destruction of such information, as detailed herein. Within thirty (30) days after the

final termination of this litigation, be it by trial, settlement, entry of a final judgment from which no further appeal has been or can be taken, or otherwise, the Parties to this litigation, their counsel, and all other persons who received Confidential Information and/or Trade Secret Information during the course of this litigation in accordance with this Order, shall return to the Producing Party all copies of such Confidential Information and/or Trade Secret Information provided to them during the course of this litigation and shall certify in writing that all such documents have been returned; or else shall certify in writing that any documents or copies thereof not so returned have been destroyed. Upon the written request of the Producing Party, the receiving party shall certify in writing that said material has been destroyed within the thirty (30) day period.  However, nothing herein bars State Farm from maintaining Confidential Materials as required by applicable law or insurance regulations as set forth in paragraph 17, below.

17.    Nothing in this Protective Order disallows State Farm from: (a) complying with any state or federal law or regulation, including reporting of information to a regulator or government entity as permitted and/or required by applicable state and federal law; (b) adding information discovery that is relevant to a claim to relevant electronic record in its electronic system; (c) disclosing evidence or a crime or fraud; (d) retaining information necessary to meet mandated retention requirement; or (e) retaining copies of Confidential Materials that may exist on back=up media or other computer or archive storage not regularly accessed by business users in the ordinary course, provided that, should a copy of the Confidential Materials be accessed, it will be used for a purpose inconsistent with this Order.

18.    The Court shall retain jurisdiction after the final termination of this litigation, be it by trial, settlement, entry of a final judgment from which no further appeal has been or can be taken, to resolve any dispute concerning the use of

Case No.  2:21-cv-06145                                              ORDER

1  information disclosed pursuant to this Order and/or to enforce the provisions of

2  Paragraph 16.

3          19.    The inadvertent or unintentional disclosure of Confidential

4  Information and/or Trade Secret Information, regardless of whether the

5  information was so designated at the time of disclosure, shall not be deemed a

6  waiver in whole or in part of the Designating Party's claim of confidentiality either

7  as to the specific information disclosed therein or on the same or related subject

8  matter, provided that the Designating Party informs the opposing party of its claim

9  within a reasonable time after learning of the disclosure. The party that received

10  the inadvertently produced Confidential Information and/or Trade Secret

11  Information shall promptly destroy the inadvertently produced Confidential

12  Information and/or Trade Secret Information and all copies thereof, or, at the

13  expense of the Designating Party, shall return such together with all copies of such

14  Confidential Information and/or Trade Secret Information to counsel for the

15  Designating Party and shall retain only the materials not designated Confidential

16  Information and/or Trade Secret Information.

17          20.    If any person subject to this Stipulated Protective Order who has

18  custody of any Confidential Information and/or Trade Secret Information receives

19  a subpoena or other process ("Subpoena") from any government or other person or

20  entity demanding production of Confidential Information and/or Trade Secret

21  Information, the recipient of the Subpoena shall promptly give notice of the same

22  by electronic mail transmission, followed by either express mail or overnight

23  delivery to counsel of record for the Designating Party, and shall furnish such

24  counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating

25  Party may, in its sole discretion and at its own cost, move to quash or limit the

26  Subpoena, otherwise oppose production of the Confidential Information and/or

27  Trade Secret Information, and/or seek to obtain confidential treatment of such

28  Confidential Information and/or Trade Secret Information from the subpoenaing

Case No.  2:21-cv-06145                                                      ORDER

person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any documents, testimony or information relating to the Confidential Information and/or Trade Secret Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

21.    Nothing contained in this Order, nor any action taken in compliance with it, shall (a) operate as an admission by any party that any document or information is, or is not, either confidential or admissible in evidence in this action, or (b) prejudice in any way the right of any party to seek, by way of consent of all parties or by application to the Court, (i) to have information not covered by this Order treated as Confidential Information and/or Trade Secret Information within the meaning of this Order, (ii) additional protection for specific documents or information; or (iii) relief from the provisions of this Order with respect to specific items or categories of documents or information.

22.    Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court. . Upon the stipulation of the parties by and through their counsel, and upon good cause appearing, the Court orders that the terms of the Amended Stipulation Protective Order Re: Non-disclosure of Confidential Materials shall govern the handling of such documents produced in this case.

IT IS SO ORDERED.

DATED: December 15, 2022

_____
HON. PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

Case No.  2:21-cv-06145                                          ORDER

# Exhibit 1

## NONDISCLOSURE AGREEMENT

I, _____ (PRINT NAME), do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Scollard v. State Farm, et al.,* United States District Court, Central District, Case No. 2:21-cv-06145-RSWL-PVC, and agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.

I understand that Confidential Information and/or Trade Secret Information, as defined in the Stipulated Protective Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by this Stipulated Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Information and/or Trade Secret Information obtained pursuant to this Stipulated Protective Order, except as provided therein or otherwise ordered by the Court in the proceeding.

I further understand that I am to retain all copies of all Confidential Information and/or Trade Secret Information provided to me in the proceeding in a secure manner, and that all copies of such Confidential Information and/or Trade Secret Information are to remain in my personal custody until termination of my participation in this proceeding, whereupon the copies of such Confidential

///
///
///
///
///
///
///

12

Case No. 2:21-cv-06145                                                    ORDER

1 | Information and/or Trade Secret Information will be returned to counsel who
2 | provided me with such Confidential Information and/or Trade Secret Information.
3 |     I consent to the jurisdiction of this Court for purposes of enforcing this
4 | Order.
5 |     Executed this _____ day of _____, 20___, at _____, California.
6 |     By: _____
7 |     Signature: _____
8 |     Title: _____
9 |     Address: _____
10 |     City, State, Zip_____

13

Case No.  2:21-cv-06145                                                  ORDER