UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-06145 PSG PVC | Date | July 7, 2023 |
|---|---|---|---|
| Title | William Scollard v. State Farm General Insurance Company et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Damon Berry | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   **Order GRANTING Defendant's motion for summary judgment.**

Before the Court is Defendant State Farm's ("Defendant") motion for summary judgment. *See* Dkt. # 27.  Plaintiff William Scollard ("Plaintiff") opposed, *see* Dkt. # 30, and Defendant replied, *see* Dkt. # 34.

The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7 15.  Having considered the moving, opposing, and reply papers, the Court **GRANTS** Defendant's motion for summary judgment.

I.    Factual Background[1]

This case involves a dispute between Plaintiff William Scollard ("Plaintiff") and Defendant State Farm ("Defendant") regarding breach of contract and bad faith claims arising out of Defendant's denial of policy coverage over items stolen from Plaintiff's vehicle.

A.    The Policy

Defendant issued a homeowners policy ("Policy") to Plaintiff's father effective from August 27, 2018, to August 28, 2019.  *Defendant's Statement of Uncontroverted Facts*, Dkt.

---

[1] The facts as described are undisputed unless otherwise noted, and to the extent the Court relies on objected-to evidence in this Order, it relies only on admissible evidence, and thus the objections are overruled.  *See Godinez v. Alta-Dena Certified Dairy LLC*, CV 15-01652 RSWL (SSx), 2016 WL 6915509, at *3 (C.D. Cal. Jan. 29, 2016).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-06145 PSG PVC | Date | July 7, 2023 |
|---|---|---|---|
| Title | William Scollard v. State Farm General Insurance Company et al. | | |

# 29 ("*Def.'s SUF*"), ¶ 1. The Policy had a personal property limit of $625,847 that covered Plaintiff's father and any relatives living in his household, making Plaintiff eligible for coverage under the Policy. *Id.* ¶¶ 2 4. The Policy insured accidental direct physical loss to property, including theft. *Declaration of Jeff Strobl*, Dkt. # 27 2, Ex. 1 ("*Policy*"), 33 34. Coverage for theft includes attempted theft and "loss of property from a known location when it is probable the property has been stolen." *Id.* 34.

The Policy bars parties from bringing actions if they have not been compliant with the policy provisions. *Id.* 41. These provisions include fulfilling enumerated duties such as the duty to provide an inventory of stolen or damaged property as well as relevant information and documents pertaining to the property. *Id.* 40. The Policy contains a Concealment or Fraud provision, which voids the Policy if an insured party "intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss." *Id.* 46. The Policy also provides that an insured party may only bring an action against Defendant "within one year after the date of loss or damage." *Id.* 41.

B. The Reported Theft, Claim Filing, and Investigation

On November 16, 2018, between approximately 5:50 p.m. and 6:05 p.m., an unknown male broke into Plaintiff's van parked in a Costco parking lot and stole Plaintiff's 18th century Sino-Tibetan silver goddess statue and Pre-Columbian brown stone mask. *Def.'s SUF* ¶ 8. Plaintiff reported the theft to the La Habra Police Department, which retrieved footage of the incident. *Def.'s SUF* ¶ 9; *see also Declaration of Jeff Strobl*, Dkt. # 27 2, Ex. 5 ("*Police Report*"), 33 34.

Plaintiff submitted an insurance claim to Defendant on November 19, 2018, three days after the incident. *Def.'s SUF* ¶ 12. On November 30, 2018, Plaintiff provided two reports that listed the combined value of the items at $126,000. *Id.* ¶ 14. After conversations with Claim Specialist ("CS") Chris Glassel, Plaintiff filed a claim on December 27, 2018, under his father's policy, because the value of the items exceeded the $52,000 limit of Plaintiff's own policy. *Id.* ¶ 15; *Declaration of Jeff Strobl*, Dkt. # 27 2, Ex. 3 ("*File History*"), 107.

The case was referred to the State Farm Investigation Unit ("SIU"), and on January 7, 2019, CS Bright took Plaintiff's recorded statement.[2] *Def.'s SUF* ¶¶ 18, 20.

---

[2] Claims specialists also interviewed Frank Aon, the appraiser who prepared Plaintiff's valuation reports for the stolen objects, and Aram Melkonyan, a casemaker that Plaintiff contacted to make display cases

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-06145 PSG PVC | Date | July 7, 2023 |
|---|---|---|---|
| Title | William Scollard v. State Farm General Insurance Company et al. | | |

On March 5, 2019, CS Bright summarized the information obtained by Defendant and recommended Plaintiff conduct an Examination Under Oath (the "examination"). *Def.'s SUF* ¶ 30. CS Bright also requested that Plaintiff provide contact information for Mr. Ron Smith, the seller of the statue, and checks Plaintiff made payable to Mr. Smith. *Id.* ¶ 31. Plaintiff provided checks in the amount of $15,000, $10,000, and $5,000. *Id.* ¶ 33.

On August 30, 2019, Attorney Stephan Cohn took Plaintiff's examination. *Def.'s SUF* ¶¶ 34, 37. Defendant says that during the examination, Plaintiff contradicted previously made statements regarding his communication with Mr. Melkonyan, the casemaker, and that his testimony regarding the acquisition of the statue conflicted with his girlfriend, Ms. Sara Fakhroo's, testimony. *Def.'s SUF* ¶ 56. These are described as follows.

Plaintiff stated during his examination that (1) Plaintiff did not tell Mr. Melkonyan that he was bringing the masks and statue for the purpose of preparing display cases on the day of the alleged theft; (2) Plaintiff initially denied that Mr. Melkonyan constructed mask display cases for him; (3) Plaintiff then later recalled that Mr. Melkonyan constructed two display cases for masks, one of which was for the mask relevant here, but Plaintiff was dissatisfied with them; (4) Plaintiff planned on asking Mr. Melkonyan if he could come by the night of the theft; and (5) Plaintiff told Mr. Melkonyan about the theft and Mr. Melkonyan asked why he had the items in the van, to which Plaintiff responded that he planned on stopping by Mr. Melkonyan's with the items. *Def.'s SUF* ¶ 37.

Plaintiff also offered testimony regarding the statue's acquisition that Defendant contends conflicts with Ms. Fakhroo's testimony. Plaintiff said that he and Mr. Smith, the statue's seller, completed the transaction in Plaintiff's car. *Def.'s SUF* ¶ 40. Ms. Fakhroo testified that she was with Plaintiff when he picked up the statue. *Id.* ¶ 46. Ms. Fakhroo said Plaintiff left the vehicle, returned with a box, and that she did not hear any discussions between Mr. Smith and Plaintiff. *Id.* Ms. Fakhroo also said she could not remember whether Plaintiff mentioned anything about visiting Mr. Melkonyan on the day of the theft. *Id.*

In addition to Plaintiff offering allegedly conflicting information during his examination, Defendant argues that Plaintiff's description of his van and alarm system demonstrate that the theft itself seems suspicious. *Def.'s SUF* ¶ 38. During his examination, Plaintiff said that the van had tinted windows that he thought prevented people from peering in. *Id.* Plaintiff also

for the stolen items. *See Def.'s SUF* ¶¶ 26, 29.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-06145 PSG PVC | Date | July 7, 2023 |
|---|---|---|---|
| Title | William Scollard v. State Farm General Insurance Company et al. | | |

noted that the van had a functioning alarm, and that he had set the alarm but did not know why it failed to activate during the theft. *Id.*

      C.      Denial of Plaintiff's Claim

In April 2020, CS Phelps concluded that Plaintiff had violated the Policy's Concealment or Fraud provision, claiming that there was conflicting testimony as to the acquisition of the statue. *Def.'s SUF* ¶ 55. CS Phelps also noted Plaintiff's failure to provide original photos of the mask and statue as evidence of non-cooperation and grounds for denying the claim. *Id.*

In May, Team Manager Strobl formally agreed with CS Phelps's conclusion that Plaintiff violated the Policy's Concealment or Fraud provision. *Def.'s SUF* ¶ 56.

On May 19, 2020, Defendant issued a letter to Plaintiff denying his claim due to alleged misrepresentation of material facts. *Def.'s SUF* ¶ 59. The letter noted the Policy had a one-year limitation for Plaintiff to bring a suit and confirmed that the limitation period was running. *Id.* Specifically, the letter explained that "[t]he one year period referred to does not include the time [Defendant took] to investigate [Plaintiff's] claim." *Declaration of Jeff Strobl*, Dkt. # 27 2, Ex. 40 ("*Denial Letter*"), 409. The letter further clarified that the "time from the date of loss to the date [Plaintiff] reported [his] claim does count in computing the amount of time that has already expired." *Id.*

One year later, on May 19, 2021, Plaintiff filed a complaint against Defendant alleging breach of contract and breach of implied covenant of good faith and fair dealing. *Def.'s SUF* ¶ 61. Defendant argues they cannot be found liable because Plaintiff brought the action after the one-year suit limitation period had expired. *Defendant's Memorandum of Points and Authorities in Support of Motion for Summary Judgment*, Dkt. # 27-1 ("*Def.'s MPA*"), 6:2 3. Defendant contends that the Policy's one-year suit limitation began to run on November 16, 2018, the day that the loss occurred, that it stopped running during Defendant's investigation beginning when he filed his claim on November 19, 2018, and then it continued to run again once the final decision letter was delivered to Plaintiff on May 19, 2020. *Id.* 10 17.

Thus, Defendant contends that three days had accrued towards the one-year limitation period by the time Plaintiff filed his insurance claim. *Def.'s MPA.* 7 9. Therefore, Defendant argues that Plaintiff had until May 16, 2021, to file a complaint and that he filed three days too late. *Id.* 14 17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-06145 PSG PVC | Date | July 7, 2023 |
|---|---|---|---|
| Title | William Scollard v. State Farm General Insurance Company et al. | | |

Defendant further argues that, even if the one-year period had not expired, Plaintiff cannot establish claims for breach of contract or breach of implied covenant of good faith and fair dealing because he violated the Concealment or Fraud policy clause. *Id.* 6:28 7:2. Lastly, Defendant argues that Plaintiff cannot show that Defendant acted with malice, oppression, or fraud, and therefore punitive damages are unavailable. *Id.* 3 4.

II.   Legal Standard

"A party may move for summary judgment, identifying each claim or defense or the part of each claim or defense on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the nonmoving party will have the burden of proof at trial, the movant can prevail by pointing out that there is an absence of evidence to support the moving party's case. *See id.* If the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all reasonable inferences in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 31 (9th Cir. 1987). The evidence presented by the parties must be capable of being presented at trial in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

IV.   Discussion

   A.   Requests for Judicial Notice

As an initial matter, the parties each request judicial notice of several documents. *See* Dkt. # 28 ("*Def.'s RJN*"); Dkt. # 33 ("*Pl.'s RJN*"). Under Federal Rule of Evidence 201, a court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-06145 PSG PVC | Date | July 7, 2023 |
|---|---|---|---|
| Title | William Scollard v. State Farm General Insurance Company et al. | | |

may, on its own or at a party's request, take judicial notice of facts not subject to reasonable dispute because they (1) are generally known within the court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

      *i.*     *Defendant's Requests for Judicial Notice*

Defendant requests the Court take judicial notice of Plaintiff's complaint filed in Los Angeles Superior Court and Defendant's notice of removal filed with this Court. *See Def's RJN* 2:1 10. Court filings and records are properly subject to judicial notice. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court documents). The Court therefore takes judicial notice of these filings, but not the disputed facts contained therein. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

      *ii.*     *Plaintiff's Requests for Judicial Notice*

Plaintiff requests the Court take judicial notice of the California Judicial Council's Emergency Rule 9 and the California Department of Insurance Notice titled "Extension of Policyholder Deadlines that Impact Claims or Coverage Due to the [C]urrent State of Emergency Caused by the Coronavirus (COVID-19) Outbreak." *See Pl.'s RJN* 2:1 14. Defendant objects to Plaintiff's proffered documents as irrelevant. *See* Dkt. # 36 ¶¶ 18 19. Under Rule 201, the court can take judicial notice of public records and government documents available from reliable sources on the internet. *See Hansen Beverage Co. v. Innovation Ventures, LLC,* No. 08 CV 1166 IEG, 2009 WL 6597891, *1 (S.D. Cal. Dec. 23, 2009); *see also Daniels Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 999 (9th Cir. 2010) (taking judicial notice of information on the websites of two school districts because they were government entities); *Paralyzed Veterans of Am. v. McPherson,* No. C 06 4670, 2008 WL 4183981, *5 (N.D. Cal. Sept. 8, 2008) ("Information on government agency websites has often been treated as properly subject to judicial notice").

Both documents are publicly available government documents available for download from government websites. Therefore, the Court takes judicial notice of these documents. Defendant's relevance objection is unnecessary, and the Court overrules this objection. *See State Comp. Ins. Fund v. Drobot*, No. SACV 13-0956 AG (CWx), 2015 WL 12712299, at *2 (C.D. Cal. Feb. 2, 2015) ("Regarding the relevance objection, in a summary judgment motion, obviously only relevant evidence is convincing, and an evidentiary objection is not needed.");

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-06145 PSG PVC | Date | July 7, 2023 |
|---|---|---|---|
| Title | William Scollard v. State Farm General Insurance Company et al. | | |

*Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006) (noting that parties may simply argue that certain facts are not relevant, instead of objecting to them on relevance grounds).

      B.      Motion for Summary Judgment

As discussed, the Policy provides that an action against Defendant "must be started within one year after the date of loss or damage." *Pl.'s Separate Statement of Undisputed Facts* ("*SSUF*") ¶¶ 6, Dkt. # 30-1. It is undisputed that the one-year limitation on filing claims against Defendant does not run during any claim investigation by Defendant. *Id.* ¶ 59; *see also Denial Letter* 409. Defendant contends that the one-year clock began to run on the date of loss, November 16, 2018, paused during Defendant's investigation that began on November 19, 2018, and then commenced when Defendant denied Plaintiff's claim on May 19, 2020. *See Def.'s MPA* 8:24 9:11. Defendant states that the three-day period between Plaintiff's loss and when he reported the loss did not toll the time to file suit, so when Plaintiff filed this action one year after his claim was denied, the one-year deadline had already passed three days earlier. *Id.*

            i.      *California Judicial Council Emergency Rule 9*

Plaintiff does not dispute that he filed the claim past the one-year Policy limitation. *See generally Opp.* Instead, he counters that California Judicial Council Emergency Rule 9 ("Rule 9"), which tolled the statute of limitations on all civil actions for 178 days in consideration of the COVID-19 pandemic, applies to his claims and he therefore timely filed. *Opp.* 21:21 28. Defendant, however, argues that Rule 9 is inapplicable because it governs statutes of limitations, rather than contractual limitations. *Reply* 9:3 17.

Rule 9, titled "Tolling statutes of limitations for civil causes of actions," as amended on May 29, 2021, states:

> (a) Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020.
> (b) Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that are 180 days or less are tolled from April 6, 2020, until August 3, 2020.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-06145 PSG PVC | Date | July 7, 2023 |
|---|---|---|---|
| Title | William Scollard v. State Farm General Insurance Company et al. | | |

*Judicial Council of Cal., Emergency Rules Related to COVID-19*, https://www.courts.ca.gov/documents/appendix-i.pdf. ("*Rule 9*").

  The Judicial Council Advisory Committee Comment states that "Emergency [R]ule 9 is intended to apply broadly to toll any statute of limitations on the filing of a pleading in court asserting a civil cause of action." *Judicial Council of Cal., Advisory Comm. Comment to Emergency Rule 9.* Yet Plaintiff does not cite to any case law supporting application of Rule 9 to contractual limitations. *See generally Opp.* While it appears that no court has addressed whether Rule 9 applies to contractual limitations, California courts have commented that "any such 'broad' application is expressly limited to toll 'statutes of limitations . . . .'" *People v. Philadelphia Reinsurance Corp.*, 70 Cal. App. 5th Supp. 10, 18  19 (2021) (quoting *Judicial Council of Cal., Advisory Comm. Comment to Emergency Rule 9*). The Comment to Rule 9 also enumerates several avenues explicitly covered by Rule 9, including the California Environmental Quality Act, the Family Code, the Code of Civil Procedure, the Probate Code, and the Public Resources Code. *See Judicial Council of Cal., Advisory Comm. Comment to Emergency Rule 9.*

  The California Judicial Council is empowered to "adopt rules for court administration, practice, and procedure, not inconsistent with statute . . . ." Cal. Const., art. IV, § 6; *see also* Judicial Council of Cal., *Judicial Branch Administration: Sunset Emergency Rules in Response to the COVID-19 Pandemic* (Mar. 11, 2022) ("Governor Newsom on March 27, 2020, issued Executive Order N-38-20, which, among other things, gave the Judicial Council of California and its Chairperson the authority to take actions necessary to maintain access to the essential operations of California's court system while protecting the health and safety of California residents."). Accordingly, these rules have the force of law. *Cal. Ct. Reps. Assn. v. Jud. Council of Cal.*, 39 Cal. App. 4th 15, 22 (1995) (collecting cases).

  For the "purpose of statutory construction, courts typically follow common-sense canons of statutory interpretation. For instance, words or phrases should be interpreted in light of the other words around the statute." *Palacios v. Interstate Hotels & Resorts Inc.*, No. 21-CV-05799-TSH, 2021 WL 4061730, at *3 (N.D. Cal. Sept. 7, 2021) (interpreting Rule 9 using common-sense canons of statutory interpretation). Moreover, catch-all phrases should be limited by specific words or contextual information around them. *Id.* In *Palacios*, the defendant argued Rule 9 did not apply to the plaintiff's claim because the Comment's examples of statutes subject to Rule 9 did not include the California statute

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-06145 PSG PVC | Date | July 7, 2023 |
|---|---|---|---|
| Title | William Scollard v. State Farm General Insurance Company et al. | | |

under which the plaintiff sought relief. *Id.* The *Palacios* court found that the "language [of the Judicial Council Comment] was intended to ensure the broad application of the rule" to California statutes, and therefore Rule 9 applied to plaintiff's claim. *Id.*

Here, in contrast to *Palacios*, a common-sense interpretation of Rule 9 and its Comment does not support finding the rule applies to Plaintiff's claim. Rule 9 clearly specifies that "statutes of limitation" are tolled, "[n]otwithstanding any other law[.]" *Rule 9*. Moreover, the Comment lists only California statutes as examples of laws with statutes of limitation subject to Rule 9. *Judicial Council of Cal., Advisory Comm. Comment to Emergency Rule 9*. And it is well established that statutory limitations and contractual limitations are distinguishable. *See, e.g.*, *Withrow v. Hakset*, 655 F.3d 1032, 1035 (9th Cir. 2011); *Oltman v. Holland Am. Line, Inc.*, 538 F.3d 1271, 1277 80 (9th Cir. 2008). Further, had the Judicial Council intended to toll contractual limitations as well, it could have specified as such. *See Rodriguez v. Holder Jr.*, 619 F.3d 1077, 1079 (9th Cir. 2010) ("In interpreting a statute, we look to its plain language.").

To support its position, Defendant points to California Code of Civil Procedure § 340.9. *Reply* 9:10 17. That provision was enacted to toll limitations on bringing claims arising from the Northridge earthquake against insurance companies. *See generally Campanelli v. Allstate Life Ins. Co.*, 322 F.3d 1086, 1094 95 (9th Cir. 2003). Section 340.9 provides that "[n]otwithstanding any other provision of law *or contract*," plaintiffs could bring actions barred because the "statute of limitations has or had expired." Cal. Civ. Proc. Code § 340.9 (emphasis added). Indeed, § 340.9 illustrates what explicit language would be used to toll both statutory and contractual limitations. While that statute clarifies that limitations are tolled notwithstanding any other provision of law or contract, Rule 9 only mentions that it extends statutes of limitations "[n]otwithstanding any other provision of law." *Rule 9*. In the absence of specific language applying Rule 9 to contract terms or cases interpreting Rule 9 to apply to contractual limitations, the Court cannot find that Rule 9 tolled Plaintiff's filing limitation here. Therefore, Rule 9 did not render Plaintiff's claims timely.

### ii. *California Department of Insurance April 3, 2020 Notice*

Plaintiff also argues that he timely filed this action because the California Department of Insurance issued an April 3, 2020 notice stating that insurance providers "should not attempt to enforce policy or statutory deadlines on policyholders until ninety (90) days after the end of the statewide 'state of emergency' or other 'state of emergency'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-06145 PSG PVC | Date | July 7, 2023 |
|---|---|---|---|
| Title | William Scollard v. State Farm General Insurance Company et al. | | |

that impacts a specific policyholder." Plaintiff contends that "Defendant's closure of the claim on May 19, 2020, to trigger the [contractual filing limitation]" directly violated this notice. *Opp.* 22:1 9. Once again, Plaintiff cites no authority interpreting this notice as requiring Defendant to toll the contractual limitation on filing suit. *See generally id.*

In the notice itself, Insurance Commissioner Ricardo Lara ("Commissioner Lara") notes that he previously "requested" insurance companies to provide policyholders with a 60-day grace period to pay insurance premiums on March 18, 2020, and that as of April 3, 2020, insurance companies "should not attempt" to enforce policy or statutory deadlines that may cause forfeiture of a claim until 90 days after the end of California's "state of emergency." *Cal. Dep't of Ins. Apr. 3, 2020 Notice*, https://www.insurance.ca.gov/0400-news/0100-press-releases/2020/upload/nr035ExtPolicyClaimCOVID04032020.pdf ("*April 3 Notice*"). In the notice, there is a list of examples of deadlines that should not be enforced, which does not explicitly include contractual limitations on bringing claims.[3] *Id.* Defendant argues that the April 3, 2020 notice was a request that is not mandatory. *See Reply* 10:1 5. The Court agrees.

The context of Commissioner Lara's notice confirms that this notice was not meant to be a binding order and has not been applied as such. The language of the notice, lack of litigation surrounding it, presentation of the notice, and the practical effect the notice would have if it were binding all make clear that the notice is advisory.

Notably, in the March 18, 2020 notice, Commissioner Lara specifically stated he was "requesting" insurance companies to provide grace periods. *Cal. Dep't of Ins. Mar. 18, 2020 Notice.* By contrast, on April 13, 2020, the California Department of

---

[3] The list is as follows:

> deadlines for the submission of a sworn proof of loss, other claim forms, examinations under oath, medical examinations, physical inspections of insured property, separating damaged property from undamaged property, temporary repairs to prevent further damage, and any other policy, statutory, or insurer imposed deadlines placed on the policyholder where failure to comply could result in the forfeiture, limitation, or waiver of any policyholder(s) rights to benefits under any policy of insurance.

*Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-06145 PSG PVC | Date | July 7, 2023 |
|---|---|---|---|
| Title | William Scollard v. State Farm General Insurance Company et al. | | |

Insurance issued a bulletin in which Commissioner Lara "order[ed] insurers" to refund certain premiums. *Bulletin 2020-3, Cal. Dept. of Ins., Premium Refunds, Credits, and Reductions in Response to COVID-19 Pandemic*. More similar to the March 18 notice rather than the April 13 order, Commissioner Lara comments that insurers "should not attempt" to enforce deadlines causing forfeiture in the April 3 notice. *Apr. 3 Notice*. While neither the March 18 nor April 3 notices have been addressed by courts as having the force of law, the effect of the April 13 notice has been repeatedly discussed in litigation. *See, e.g.*, *Boobuli's LLC v. State Farm Fire & Cas. Co.*, 562 F. Supp. 3d 469, 483 84 (N.D. Cal. 2021).

The California Department of Insurance web page providing information and resources about COVID-19 reinforces the conclusion that the April 3 notice is not binding. For instance, the April 13, 2020 notice is categorized as a "Bulletin" and its policy is mentioned throughout the site, while the March 18, 2020 and April 3, 2020 notices are categorized only as links in a "Notices" section and are not otherwise referenced. *See generally Information About Coronavirus (COVID-19)*, CALIFORNIA DEPARTMENT OF INSURANCE, https://www.insurance.ca.gov/01-consumers/140-catastrophes/Coronavirus.cfm. Certainly, if Commissioner Lara intended to use the April 3 notice to prevent insurers from enforcing policy and statutory deadlines throughout the entirety of the pandemic, its force and effect would be noted on this website, rather than only providing a pdf copy linked at the bottom of the page.

The language of the April 3, 2020 notice, lack of litigation surrounding the issue, and presentation of the notice on the Department of Insurance website support finding that it is not mandatory and therefore does not toll Plaintiff's claim. Moreover, this notice was issued within weeks of the start of the COVID-19 pandemic, when it was unclear when California's state of emergency would end. The state of emergency officially ended on February 28, 2023, nearly three years after the notice. *See End of California's COVID-19 State of Emergency and the Federal Public Health Emergency for COVID-19*, CALIFORNIA HEALTH AND HUMAN SERVICES, https://www.chhs.ca.gov/end-of-covid-emergency/. Were the notice binding, insurance companies could not have enforced any policy or statutory deadlines that may have caused forfeiture of coverage from April 3, 2020, to May 28, 2023.[4] Had Commissioner Lara intended such a result, surely this

---

[4] While not precisely analogous, the Court notes that other courts in this District have strayed away from interpretations of insurance policies that would be without any "manageable bounds" in light of the effects of COVID-19. *See Plan Check Downtown III, LLC v. AmGuard Ins. Co.*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-06145 PSG PVC | Date | July 7, 2023 |
|---|---|---|---|
| Title | William Scollard v. State Farm General Insurance Company et al. | | |

notice would have been a bulletin explicitly ordering nonenforcement of deadlines rather than a notice that seemingly has never been enforced as law. Therefore, the Court declines to toll the Policy limitation here.

In sum, Plaintiff does not contest that he failed to file his claim within the one-year contractual limitation, and neither Rule 9 nor the April 3 notice toll the limitation. Thus, Plaintiff untimely filed this action and the Court grants Defendant's motion for summary judgment.

V.      Conclusion

Since Plaintiff's failure to comply with the Policy filing limitation is dispositive, the Court declines to address the parties' other arguments regarding the breach of contract claim, bad faith claim, and punitive damages. For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment.

**IT IS SO ORDERED.**

---

485 F. Supp. 3d 1225, 1231 32 (C.D. Cal. 2020); *Mark's Engine Co. No. 28 Rest., LLC v. Travelers Indem. Co. of Conn.*, 492 F. Supp. 3d 1051, 1056 (C.D. Cal. 2020). Similarly, here, interpreting the April 3 notice as barring the enforcement of insurance policy deadlines resulting in forfeiture until May 28, 2023, would produce the unmanageable result of voiding various policy terms for all California insureds for over three years. Accordingly, the Court declines to interpret the April 3 notice as having the force of law.